DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerrick W. Mitchell,                                )
                                                    )       CASE NO. 3:04CV7188
                    Plaintiff(s),                   )
                                                    )
        v.                                          )       ORDER
                                                    )       (Resolving Doc. Nos. 43, 50)
Fanning/Howey Associates, Inc.,                     )
                                                    )
                    Defendant(s).                   )
                                                    )

        Currently pending before the Court are Defendant Fanning/Howey Associates, Inc.'s Motion

to Quash Plaintiff's Notice of Depositions (Doc. No. 43), which has been fully briefed (Doc. Nos. 45,

46), and Plaintiff Jerrick W. Mitchell's Motion to Compel Discovery (Doc. No. 50), which also has

been fully briefed (Doc. Nos. 51, 53).  For the following reasons, Fanning/Howey's Motion to Quash

is GRANTED, and Mitchell's Motion to Compel is DENIED without prejudice.

## I. The Motion to Quash

Fanning/Howey seeks to quash Mitchell's Notice of Depositions because Mitchell's counsel

(3:04CV7188)

did not confer in scheduling the depositions.  "Counsel are expected to make a *timely* and *good faith*

effort to confer and agree to schedules for the taking of depositions."  LR 30.1(b)(1) (emphasis added).

On June 22, 2005, Mitchell filed his Notice to Take Depositions of ten individuals (Doc. No. 41).  The

depositions were scheduled to be completed over the course of two days, July 6-7, 2005.  Mitchell's

counsel, however, made no attempt to contact Fanning/Howey's counsel to confer on the scheduling of

the depositions.  Further, when Fanning/Howey's counsel attempted to reach Mitchell's counsel by

telephone, they were unable to do so.  Thus Mitchell's counsel made no attempt at conferring with

Fanning/Howey's counsel prior to noticing the depositions.  The Motion to Quash, therefore, is

GRANTED because Mitchell's counsel failed to comply with LR 30.1.

     Moreover, the Notice of Depositions was not timely.  The Court established July 8, 2005 as

the discovery cutoff in this matter, but Mitchell did not file his Notice of Depositions until June 22,

2005, or 16 days before the discovery cutoff, and he scheduled the ten depositions for July 6-7, 2005,

or only two weeks after his Notice of Depositions.  Such a short time period, combined with the

volume of depositions does not reasonably allow for adequate deposition preparation.  Furthermore,

Mitchell did not need to create such pressing circumstances.  Fanning/Howey identified five of the ten

individuals Mitchell wished to depose in its Initial Disclosures served on June 23, 2004.[1]  Thus Mitchell

---

[1]The Initial Disclosures were mailed to Mitchell personally because, at the time, he was
proceeding with this matter *pro se*.  Mitchell subsequently retained counsel in this matter.  Under such
circumstances, a plaintiff is presumed to provide its newly retained counsel with all documents that have
been exchanged in the matter.  Mitchell's counsel, therefore, had constructive notice of the contents of
the Initial Disclosures.  Furthermore, Mitchell's counsel does not contend that she made any attempt to
obtain another copy of the initial disclosures from Fanning/Howey.  Thus any claim that she was not
aware of the contents of the Initial Disclosures and, therefore, timely noticed the depositions is without

(3:04CV7188)

knew the identity of these proposed deponents for over one year before noticing their depositions.  The

Court, therefore, concludes that the Notice of Depositions also was not timely and, consequently, finds

further support for granting the Motion to Quash.

## II. The Motion to Compel

Mitchell moves the Court to compel Fanning/Howey to respond to certain interrogatories and

document requests.  A motion seeking to compel discovery "must include a certification that the movant

has in good faith conferred or attempted to confer with the person or party failing to make the

discovery in an attempt to secure the information or material without court action."  Fed. R. Civ. P. 37

(a)(2)(B).  Local Rule 37.1(a)(1) further requires that '[d]iscovery disputes shall be referred to a

Judicial Officer only after counsel for the party seeking the disputed discovery *has made*, and certified

to the Court the making of, sincere, good faith efforts to resolve such disputes." (Emphasis added.)

Consequently, "[b]efore filing a motion to compel further disclosures or discovery pursuant to Rule

37(a)(2), the aggrieved party must attempt to confer with the unresponsive party in an effort to obtain

the desired material without court action."  8A Wright, Miller & Marcus, Federal Practice and

Procedure: Civil 2d § 2285.  "A party cannot file a motion to compel if it does not meet the [LR 37.1]

requirements."  Stone v. Jo-Ann Stores, Inc., 193 F.R.D. 514, 517 (N.D. Ohio 2000).

In its Response (Doc. No. 51), Fanning/Howey asserts that Mitchell did not attempt to confer

with it at all in an attempt to resolve this discovery dispute.  Mitchell makes no attempt in his Reply

(Doc. No. 53) to argue that he at least attempted to resolve the dispute without the intervention of the

_____

merit.

3

(3:04CV7188)

Court and has presented no evidence, either with his Motion or his Reply, that he attempted to confer with Fanning/Howey.  Indeed, the only indication Mitchell provides that he attempted to comply with Fed. R. Civ. P. 37 and LR 37.1(a)(1) is an unsupported assertion in its Motion that "a good faith attempt was made to confer with defendant in an effort to secure the information without court action." (Doc. No. 50, ¶ 10.)  The Court, therefore, finds that Mitchell did not confer with Fanning/Howey in an attempt to resolve this dispute and, consequently, that Mitchell has failed to comply with the requirements of LR 37.1(a)(1).

Additionally, Fanning/Howey contends in its Response (Doc. No. 51) that Mitchell has not provided any basis for it to reconsider its objections to his Interrogatories.  For the majority of his Reply (Doc. No. 53), Mitchell addresses the relevancy and other objections Fanning/Howey asserted to his Interrogatories and Document Requests.  This confluence of arguments suggests that resolution of this discovery dispute without intervention of the Court is reasonably possible.  Thus the Motion to Compel is not properly before the Court because Mitchell failed to comply with the requirements of LR 37.1(a)(1).  The Motion, therefore, is DENIED without prejudice.

### III. Conclusion

For the foregoing reasons, Defendant Fanning/Howey Associates, Inc.'s Motion to Quash Plaintiff's Notice of Depositions (Doc. No. 43) is GRANTED.  The depositions noticed in Plaintiff's Notice of Depositions (Doc. No. 41) shall not be taken.  Furthermore, Plaintiff Jerrick W. Mitchell's Motion to Compel (Doc. No. 50) is DENIED without prejudice.

Additionally, due to this discovery dispute, the Court finds it necessary to extend the dispositive

4

(3:04CV7188)

motion deadlines in the case by one week.  Dispositive motions, therefore, shall be filed by Friday,

August 5, 2005; responses to those motions shall be filed by Friday, August 26, 2005; and replies, if

any, shall be filed by Friday, September 2, 2005.

     IT IS SO ORDERED.

7/21/05

_____                   */s/ David D. Dowd, Jr.*

Date                                 David D. Dowd, Jr.
                                    U.S. District Judge